**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TELLY ROYSTER,** : | |
| : | |
| Plaintiff : | |
| : | **CIVIL NO. 3:CV-13-1449** |
| v. : | |
| : | **(Judge Caputo)** |
| **CORIZON,** *et al.*, : | |
| : | |
| **Defendants** : | |
| : | |

**M E M O R A N D U M**

**I.   Introduction**

This is an action brought by a *pro se* prisoner pursuant to 42 U.S.C. § 1983 in which alleges defendants improperly denied him his migraine medication, and then retaliated against him by making it less accessible to him after he complained to them about the delay.  (Doc. 1-1, Compl.)

Presently before the court is Mr. Royster's motion to compel more thorough responses to discovery posed to Dr. Binnion and Corizon.  (Doc. 40, Mot. to Compel.)  For the reasons set forth below, the motion will be denied.

**II.   Standard of Review**

The Federal Rules of Civil Procedure enable parties to obtain information by serving request for discovery upon each other, including interrogatories and requests for production of documents.  *See generally* Fed. R. Civ. P. 26-37.  Fed. R.

Civ. P. 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). "[T]herefore, all relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible. Rule 26(c) grants federal judges the discretion to issue protective orders that impose restrictions on the extent and manner of discovery where necessary 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.' Fed. R. Civ. P. 26(c)." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). Matters relating to discovery are generally left to the discretion of the trial court. *See Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987).

Fed. R. Civ. P. 34 requires that a party served with a document request either produce the requested documents or state a specific objection for each item or category objected to. *See* Fed.R.Civ.P. 33(b)(4); *Momah v. Albert Einstein Medical Center*, 164 F.R.D. 412, 417 (E.D.Pa. 1996). "Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice." *Id.* (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir.1982)). The objecting party must demonstrate in specific terms why a particular discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v.*

-2-

*Wagner*, 553 F.Supp. 255, 258 (E.D. Pa. 1982). Parties "seeking the protection of sensitive-but relevant-information" may argue the information sought is protected by an evidentiary privilege pursuant to Fed. R. Civ. P. 26(b)(1), or petition the court for a protective order pursuant to Fed. R. Civ. P. 26(c) to protect its disclosure. *Pearson*, 211 F.3d at 65.

A motion for a protective order is a proper method for challenging inappropriate discovery requests. In response to a discovery request, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). A party seeking to obtain a protective order must demonstrate "good cause" for the order of protections. See *Smith v. Bic Corp.*, 869 F.2d 194, 199 (3d Cir. 1989); *see also* Fed. R. Civ. P. 26(c). Again, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not support a showing of "good cause." *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986), *cert. denied*, 484 U.S. 976, 108 S.Ct. 487, 98 L. Ed.2d 485 (1987). In determining whether the moving party has established "good cause" for the issuance of a protective order, federal courts have generally adopted a balancing process whereby "the requesting party's need for information [is balanced] against the injury that might result if uncontrolled disclosure is compelled." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (1994).

If the party served fails to respond adequately to a document request, the serving party may file a motion to compel under Rule 37(a). See Fed. R. Civ. P. 37(a)(3)(A). Fed. R. Civ. P. 37 also authorizes a district court to sanction a party for

failure to obey an order compelling disclosure, and failing to appear for his own deposition, serve answers or objections to interrogatories, or respond to a request for inspection of documents. See Fed. R. Civ. P. 37(b)(2), (c) and (d). Among the available sanctions is dismissal of the action against the disobedient party, *see* Fed. R. Civ. P. 37(b)(2)(v).

Issues relating to the scope of discovery permitted under the Rules rest in the sound discretion of the Court. *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983).

### III.   Discussion

#### A.   Mr. Royster's Discovery Request Addressed to Dr. Binnon.

In response to Mr. Royster's Motion to Compel, counsel on behalf of Dr. Binnion advises that his client has suffered a stroke on October 1, 2012 and presently is unable to participate in pre-trial or trial matters at this time. A letter from Dr. Binnion's treating physician affirming the same has been presented. (Doc. 44, ECF p. 5.) Dr. Binnion's treating physician has indicated that as a result of Dr. Binnion's stroke he suffers from medical issues that effect his "vision, congition and memory." (*Id*.) He further comments that in his medical opinion, "Dr. Binnion would be unable to effectively participate in either deposition or trial functions." (*Id*.) Although Dr. Binnion's counsel seeks the court to grant Dr. Binnion a protective order pursuant to Fed. R. Civ. P. 26(c), he has not filed a proper motion requesting

the same.   Nonetheless, the court finds good cause to excuse Dr. Binnion from providing any further response to the disputed interrogatories which seek his personal medical opinion or comment.  However, with this said, to the extent Dr. Binnion has a *curriculum vitae* already in existence, it should be provided to Mr. Royster for inspection and copying.   Mr. Royster's motion to compel discovery responses as directed to Dr. Binnion is denied.[1]

### B.    Mr. Royster's Request for His Complete Medical Record*.*

Without commenting on the relevancy of his entire medical record to these proceedings, which are limited to events that transpired at SCI-Camp Hill, Corizon's and Dr. Binnion's counsel has responded that his clients are not the custodians of such records.  Accordingly, they cannot produce that which they do not have.  As Mr. Royster has not filed a reply brief addressing defendants' response regarding this matter, the court will deny the motion to compel as to this request as well.

An appropriate Order follows.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: September 10, 2014**

---

[1] The Court notes that Mr. Royster specifically addressed his discovery request to Corizon and Dr. Binnion and not Dr. Voorstad.  *See* Doc. 41, ECF p. 2.