**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TELLY ROYSTER,** : | |
| : | |
| Plaintiff : | |
| : | **CIVIL NO. 3:CV-13-1449** |
| v. : | |
| : | **(Judge Caputo)** |
| **CORIZON,** *et al.*, : | |
| : | |
| Defendants : | |
| : | |

**M E M O R A N D U M**

**I.   Introduction**

On March 31, 2013, Telly Roster, an Pennsylvania inmate formerly housed at the State Correctional Institution in Camp Hill, Pennsylvania (SCI-Camp Hill), filed this *pro se* civil rights action challenging defendants' alleged delay in providing him migraine medication.[1]  He also claims defendants retaliated against him by rewriting his script after he complained about the delay.  (Doc. 1-1, Compl.)  Presently before the Court is Mr. Royster's motion for appointment of counsel based on his indigent status and limited access to the law library.  (Doc. 71.)  For the following reasons, the motion will be denied without prejudice.

This is a civil action, not a criminal one.  Hence the plaintiff has no constitutional or statutory right to appointed counsel.  *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).  Nor can the court compel a lawyer to represent an

---

[1]  Mr. Royster is currently housed at SCI-Greene, in Waynesburg, Pennsylvania.

indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may *request* an attorney to represent any person unable to afford counsel." (emphasis added).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery,* 294 F.3d at 498, and the decision can be made at any point of the litigation. *Id.* at 503-04 ("Either the Magistrate Judge or the District Court should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion. At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law." *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)). A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))(internal quotation marks and brackets omitted). If the threshold requirement is met, the court then considers a number of factors established by the Third Circuit to determine whether it is appropriate to request counsel for an indigent party. These factors include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility

determinations; and (6) whether the case will require testimony from expert witnesses.  *Tabron*, 6 F.3d at 155-57.

"[V]olunteer lawyer time is a precious commodity, *Montgomery, supra,* 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised "discerningly."  *Id.* at 505 n.10.  However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel."  *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

Mr. Royster seeks the appointment of counsel, in part, based on the following partial misconception: "Discovery deadline has expired and to date defendants have not complied in any manner to plaintiff's discovery request."  (Doc. 71, ECF p. 1.) He asserts that discovery in this matter is very important and that without counsel assistance he is unable to "effectively" conduct discovery.  (*Id*.)  First, the court notes that the discovery period in this case was extended, in part because of Mr. Royster's pending motion to compel discovery with the court has addressed under separate cover.  The discovery period in this matter was extended until February 3, 2015, with pretrial dispositive motions being filed on or before March 5, 2015.  *See* Doc. 69.  Thus, he has had the opportunity to pose additional discovery.  He has not filed additional motions to compel to suggest defendants' non-compliance with additional discovery requests.  Additionally, at this point, to the extent that Mr. Royster's request for counsel is based on the fact of his incarceration or his indigent status, these facts do not warrant the appointment of counsel given this court's liberal construction of *pro se* pleadings.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct.

594, 30 L.Ed.2d 652 (1972). Mr. Royster is an experienced *pro se* litigator. He has successfully filed motions, posed discovery, and a motion to compel when dissatisfied with the defendants' discovery responses. Mr. Royster is articulate and clearly communicates his concerns and position with the court. There is no evidence, at this point in the litigation, that any prejudice will befall Mr. Royster in the absence of court appointed counsel. Consequently, at this time Mr. Royster's second request for counsel will be denied.

      An appropriate Order follows.

                                            /s/ A. Richard Caputo
                                            **A. RICHARD CAPUTO**
                                            **United States District Judge**

**Date: February 20, 2015**