**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TELLY ROYSTER,** | : | |
| **Plaintiff** | : | |
| | : | **CIVIL NO. 3:CV-13-1449** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **CORIZON, *et al*.,** | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

## I. Introduction

Plaintiff, Telly Royster, filed this civil rights action pursuant to 42 U.S.C. § 1983. He is currently confined at the Greene State Correctional Institution (SCI-Greene), in Waynesburg, Pennsylvania. He names 31 defendants who are either employed by the Pennsylvania Department of Corrections (DOC) at SCI-Camp Hill, in Camp Hill, Pennsylvania, or by Corizon, the contract medical care providers at SCI-Camp Hill, Mr. Royster's former place of confinement. Mr. Royster claims defendants violated his Eighth Amendment rights by delaying his receipt of his migraine medication. He also claims some of the defendants retaliated against him by rewriting his migraine script after he complained about the delay. (Doc. 1-1, Comp.)

Presently before the court is Mr. Royster's Second Motion to Compel. (Doc. 72.) Mr. Royster seeks to compel the defendants to produce the name of all inmates (and their current locations) that were housed with him in the same area of

SCI-Camp Hill's Special Management Unit (SMU). He also seeks the defendants to produce copies of his medical and grievance records requested in discovery free of charge. Finally, Mr. Royster claims "Defendants are refusing to cooperate in any manner to plaintiff's discovery request". (Doc. 73, ECF p. 1.) Defendants urge the court to deny the motion based on Mr. Royster's failure to specify which of their discovery responses he finds lacking, why he should be entitled to free copies of discovery documents, or any facts to support his conclusory allegation that they are intentionally thwarting his discovery efforts. (Doc. 74.) In his reply brief, Mr. Royster claims to be "dissatisfied with every response and objection made by defendants" to his discovery requests. (Doc. 77.) However, Mr. Royster has not supplied a copy of defendants' responses. (*Id.*) Additionally, he interjects that he should be permitted to correspond with any inmates housed at SCI-Camp Hill, not just the ones housed in the same housing unit, because conferring with them may "lead to admissible evidence". (Doc. 77.)

## II. Standard of Review

Fed. R. Civ. P. 37(a) allows a party to file a motion to compel discovery where the opposing party fails to respond adequately to document request propounded pursuant to Fed. R. Civ. P. 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). Pursuant to Fed. R. Civ. P. 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information sought in discovery need not be admissible at trial, as long as it

"appears reasonably calculated to lead to the discovery of admissible evidence. (*Id*.) Relevance is generally "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Funds, Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). The moving party bears the initial burden of showing that the requested discovery is relevant. *Morrison v. Phila. Hous. Auth*., 203 F.R.D. 195, 196 (E.D.Pa. 2001).

While generally liberal, permissible discovery is not without limitations, it "should not serve as a fishing expedition." *Provine v. Ambulatory Health Services, Inc.*, No. 13-334, 2014 WL 47771, *2 (M.D. Pa. Jan. 6, 2014). It is well established that the scope and conduct of discovery are within the sound discretion of the trial court. *In re Cendant Corp. Sec. Litig*., 343 F.3d 658, 661-62 (3d Cir. 2003). "Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment." *McConnell v. Canadian Pacific Realty Co.*, 280 F.R.D. 188, 192 (M.D. Pa. 2011). A court's decision regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. *Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 296 (3d Cir. 2014).

## III. Discussion

### A. SCI-Camp Hill's SMU D-Pod Housing Logs for March 2012[1]

In his Complaint, Mr. Royster claims that between March 2011 and April 2012 he was regularly denied migraine medication. In his motion to compel he argues that defendants have objected to his prior requests to correspond with inmates who were not housed in the same housing area. He claims that defendants refused to produce documents indicating who those inmates were. (Doc. 73.) Without addressing the merits of Mr. Royster's allegations, defendants argue that "Plaintiff has failed to identify a discovery request which sought" the identification of these inmates, suggesting they never received a request for production of documents asking for the logbook. However, attached to Mr. Royster's brief in support of his Motion to Compel is a document entitled "Interrogatories and Production of Documents on Sgt. Flinn." (Doc. 73, ECF p. 2.) The document is dated October 18, 2014. (*Id*.) If this is a properly served discovery request, Mr. Royster must supply the court with proof of proper service of this request, defendants' response to his discovery request, and advise the court why the response is inadequate or otherwise improper. Without this information the court cannot accurately assess Mr. Royster's motion to compel. Mr. Royster's motion to compel the production of SCI-Camp Hill's SMU D-Pod housing log for March 2012 is denied without prejudice.

---

[1] "Identify each inmate housed on D-pod of the SMU in March of 2012. Produce the document(s) used to answer this interrogatory." (Doc. 73, ECF p. 2).

**B. Defendants are not Required to Produce Gratis Discovery.**

Mr. Royster seeks defendants to provide him with free copies of his medical and grievance records he requested via discovery. Although Mr. Royster proceeds *in forma pauperis*, there "is no provision in the [*in forma pauperis*] statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993). Thus, with respect to discovery documents, defendants have the obligation to produce them for Mr. Royster's inspection. To the extent he seeks copies of these documents, he should consult prison policies which will allow him, provided he follows the policy guidelines, to go into debt for the purpose of making photocopies of legal documents. Accordingly, Mr. Royster's motion to compel defendants to provide him with free copies of his medical and grievance records is denied.

**C. Defendants Non-Compliance with Discovery.**

Fed. R. Civ. P. 37(b) permits a court to impose sanctions for a party's non-compliance with discovery obligations. Mr. Royster's allegations that defendants "are refusing to cooperate in any manner" with his discovery requests is not persuasive. Mr. Royster has failed to carry his burden to demonstrate that the defendants have either failed to respond to his discovery requests or have failed to produce documents responsive to a document request. In fact, Mr. Royster has

failed to point to any specific discovery request that defendants have failed to answer. While "dissatisfied" with defendants' responses, he is not guaranteed satisfying discovery responses, he is guaranteed complete answers or objections to his properly served interrogatories or documents requests. To date Mr. Royster has not demonstrated any dilatory or obstructive behavior by defendants in responding to properly served discovery requests. Therefore, Mr. Royster's allegations of defendants' non-cooperation with discovery, standing alone, cannot support the imposition of sanctions.

An appropriate Order follows.

**/s/ A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: February 26, 2015**